THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUIWU LAI,

        Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

        Defendants.

CASE NO. C17-1704-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS in part and DIMISSES in part the motion for the reasons explained herein.

## I.    BACKGROUND

Plaintiff is a Chinese citizen. (Dkt. No. 1 at 2.) He claims to have received lawful U.S. permanent resident ("LPR") status in 1997 and to have resided in the U.S. ever since. (*Id*.) Robert Schofield, the U.S. Immigration and Naturalization Service ("INS") officer who allegedly approved Plaintiff's application for LPR status, pled guilty in 2006 to Bribery of a Public Official and Procurement of Citizenship or Naturalization Unlawfully. (*Id*. at 6.) Officer Schofield admitted to receiving more than $3.1 million in bribes and payments for the sale of false immigration documents to ineligible individuals. (*Id*.)

In March 2013, U.S. Citizenship and Immigration Services ("USCIS") denied Plaintiff a

re-entry permit. (*Id*. at 6–7.) USCIS indicated at the time its position that Officer Schofield fraudulently processed Plaintiff's application for adjustment of status and Plaintiff has never been an LPR. (*Id*. at 7.) Plaintiff claims this was the first time INS or DHS had informed him that there were any issues with his original application for adjustment of status and/or his resulting LPR documents. (*Id*. at 6.) In fact, according to Plaintiff, USCIS had issued Plaintiff a re-entry permit in 2008 and the agency renewed Plaintiff's Green Card in 2009. (*Id*. at 6–7.)

In May 2015, U.S. Customs and Border Protection ("CBP") agents detained Plaintiff as he was returning from a day trip to Vancouver, Canada. (*Id*. at 8.) CBP informed Plaintiff that he was not an LPR, confiscated his Green Card, and paroled him into the U.S. as a person without legal status. (*Id*.) DHS has since refused to return the card. (*Id*.) Plaintiff argues that without a Green Card, he cannot travel to China, where he has "extensive business dealings," because he does not know if he will be permitted to reenter the U.S. (Dkt. No. 11 at 3.) Plaintiff's removal proceeding before the Immigration Court is scheduled for May 2021. (*See* Dkt. No. 10-1 at 2.)

Plaintiff asserts Defendants' actions violated the Immigration and Nationality Act ("INA") ("Claim #1), 8 U.S.C. § 1101, *et seq.*, the Administrative Procedure Act ("APA") ("Claim #2), 5 U.S.C. § 701, *et seq.*, and due process ("Claim #3"). (Dkt. No. 1 at 9–10.) Plaintiff further asserts Defendants should be estopped from now claiming that he is not an LPR ("Claim #4"). (*Id*. at 10.) Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 10 at 10.) They assert that because Plaintiff's removal proceeding is pending, INA strips this Court of jurisdiction to adjudicate Claims #1–3. (Dkt. No. 10 at 6–8.) Furthermore, even if INA did not strip the Court of jurisdiction to hear Claim #2, Defendant argues that there is no final agency action for this Court to review, a jurisdictional prerequisite to an APA claim. (*Id*. at 5–6.) Defendants also assert Plaintiff's Claims #1 and #4 are not viable. Specifically, Claim #1 is impermissible as a matter of law because INA does not provide a cause of action, and Claim #4 lacks allegations of the "affirmative misconduct" required for estoppel. (*Id*. at 8–10.)

## II. DISCUSSION

### A. Subject Matter Jurisdiction

#### 1. Legal Standard

A complaint must be dismissed if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Jurisdiction is a threshold separation of powers issue and may not be deferred until trial. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A motion to dismiss for lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a facial attack, the Court assumes all material allegations in the complaint are true and only dismisses if those allegations are insufficient to confer federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979). In reviewing a factual attack, the Court may consider materials beyond the complaint. *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988); *see Americopters, LLC v. F.A.A.*, 441 F.3d 726, 732 n.4 (9th Cir. 2006) (When determining the existence of subject matter jurisdiction, "the district court is not confined by the facts contained in the four corners of the complaint—it may consider [other] facts and need not assume the truthfulness of the complaint.").

#### 2. Impact of Jurisdiction-Stripping Provision

A district court lacks jurisdiction to hear claims involving issues to be adjudicated in a removal proceeding. 8 U.S.C. § 1252(b)(9); *see J.E.F.M v. Lynch*, 837 F.3d 1026, 1034 (9th Cir. 2016); *see also Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (extending this jurisdictional bar to APA claims). Outside of the Immigration Court and the Board of Immigration Appeals, such issues may only be considered by the court of appeals, through a petition for review, and only once a removal proceeding is complete. 8 U.S.C. § 1252(a)(5), (b)(2). But a district court may consider claims "independent of . . . challenges to removal orders." *Martinez*, 704 F.3d at 622 (citing *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007)). Thus, the Court must determine whether Plaintiff raises "independent claims" or an "indirect

challenge" to a removal order. *Id.* The Court has jurisdiction over the first, but not the second. The distinction "[turns] on the *substance of the relief*" Plaintiff is seeking. *Id.* (emphasis added). A claim is "inextricably linked" to a removal order if the order would be "contingent" on the claim raised or if the relief sought could undercut the order. *Morales-Izquierdo v. DHS*, 600 F.3d 1076, 1082–83 (9th Cir. 2010), *overruled in part on other grounds by Garfias-Rodriguez v. Holder*, 702 F.3d 504 (9th Cir. 2012) (en banc).

Plaintiff seeks the following relief: (a) a declaration that he continues to maintain LPR status, (b) an order estopping Defendants from asserting Plaintiff is not an LPR, (c) an order instructing Defendants to return his Green Card, and (d) a declaration that, as an LPR, Plaintiff is entitled to the benefits associated with LPR status. (Dkt. No. 1 at 10.) It is undisputed that the Court lacks jurisdiction to adjudicate whether Plaintiff is an LPR. (Dkt. Nos. 10 at 6, 11 at 2; 12 at 7); *see* 8 U.S.C. § 1252(a)(5), (b)(2), (b)(9). However, Plaintiff also asks the Court to order the return of his Green Card and to treat him as an LPR until such time as Plaintiff's removal proceeding is complete. (Dkt. Nos. 1 at 10, 11 at 2.)

Defendants rely heavily on Ninth Circuit precedent to assert that all of Plaintiff's pleas for relief are "inextricably linked" to matters to be addressed by the Immigration Court in Plaintiff's removal proceeding. (*See* Dkt. No. 10 at 5–8) (citing *Cabaccang v. U.S.C.I.S.*, 627 F.3d 1313, 1316 (9th Cir. 2010); *Martinez*, 704 F.3d at 622; *J.E.F.M.*, 837 F.3d at 1031). However, to the extent Plaintiff seeks return of his Green Card and LPR benefits until his removal proceeding is complete, the Court finds these decisions distinguishable. *See Davis v. U.S.*, 854 F.3d 594, 600 (9th Cir. 2017) (distinguishable cases are not controlling). In *Cabaccang*, the issue was whether the plaintiff qualified for an adjustment of residency status based on the merits of his LPR application—something the Immigration Court would address during a removal proceeding. 627 F.3d at 1314. In *Martinez*, the issue was whether the plaintiff qualified for asylum or relief under the Convention Against Torture—again something the Immigration Court would address during a removal proceeding. 704 F.3d at 621. Finally, in

*J.E.F.M.*, the issue was whether the plaintiffs had a right to counsel during their removal proceedings—an issue "routinely raised in petitions for review filed with a federal court of appeals." 837 F.3d at 1033.

Here, neither the Immigration Court, the Board of Immigration Appeals, nor the court of appeals, upon a petition for review, may address whether Defendants improperly confiscated Plaintiff's Green Card and prematurely rescinded his LPR status without notice and a hearing. *See* 8 C.F.R. §§ 1003.1(b), 1003.14. Instead, during the removal proceeding, the Immigration Court will likely look to the merits of his status adjustment. Therefore, absent relief from this Court, Plaintiff may not have an opportunity for relief for some of his claims. Notably, in *Sharkey*, the Second Circuit held that the district court had jurisdiction to review the INS's summary revocation of previously-granted LPR status, even if that status was improperly granted, because INS failed to comply with "mandatory rescission procedures, which require formal proceedings, and a hearing upon request, prior to rescission of LPR status." 541 F.3d 75, 86 (2d. Cir. 2008) (citing 8 C.F.R. § 246.1). While the Court is aware that the *Sharkey* court examined the jurisdictional issue presented by § 1252(a)(2)(B)(i) rather than the one presented by § 1252(b)(9), the Court finds *Sharkey's* reasoning highly persuasive. *See* 541 F.3d at 85.

Defendants argue in the alternative that Plaintiff never received LPR status because Officer Schofield fraudulently processed his application and, on this basis, Plaintiff is not entitled to the relief he seeks with this Court. (*See* Dkt. Nos. 10 at 2, 12 at 3). But Defendants provide no evidence to support this assertion, other than a self-serving recitation of USCIS's determination that "Mr. Schofield fraudulently processed U.S. immigration documents for the benefit of [Plaintiff]." (Dkt. No. 10 at 3.) This is insufficient for the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See McCarthy*, 850 F.2d at 560 (requiring evidence for a factual attack). Further, Defendants' argument ignores Plaintiff's core allegation—that Defendants failed to provide Plaintiff the *procedural protections* afforded to LPRs prior to rescinding his LPR status and confiscating his Green Card. (Dkt. Nos. 1 at 7–9, 11 at 7–10.) The

issue is not whether Plaintiff is, in fact, an LPR, but whether Defendants followed the proper procedures in determining that he is not.

Finally, Defendants' argument that the Court lacks jurisdiction to adjudicate Plaintiff's APA claim on the basis that there is no final agency action fails for the same reasons as Defendants' arguments described above. To the extent that Plaintiff is challenging the confiscation of his Green Card and summary rescission of his LPR benefits without the required notice and proceedings, confiscation and rescission *was* the final agency action, making at least some of Plaintiff's claims reviewable under the APA. *Sharkey*, 541 F.3d at 89.

The Court has jurisdiction to adjudicate claims seeking the following relief: return of Plaintiff's Green Card and continued conferment of LPR benefits until such time as Plaintiff's removal proceeding is complete. The Court lacks jurisdiction for Plaintiff's remaining claims. Accordingly, Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED in part and DENIED in part.

    **B.    Failure to State a Claim**

        1.    <u>Legal Standard</u>

A defendant may move for dismissal of a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007). Nevertheless, to survive a motion to dismiss, a plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 672 (quotation omitted). "[C]onclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez*, 487 F.3d at 1249 (quotation omitted). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-

moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotation omitted).

### 2. INA Claim

Defendants move to dismiss Claim #1, Plaintiff's INA claim, on the basis that INA does not provide a mechanism for relief. Rather, such claims must be brought under the APA. (Dkt. No. 10 at 8–9) (citing *Cabaccang*, 627 F.3d at 1315). The Court agrees with Defendants. INA does not provide a cause of action. Plaintiff does not argue otherwise. (*See generally* Dkt. No. 11.) Accordingly, the Court GRANTS Defendants' motion to dismiss Claim #1. Because no amendment could cure this deficiency, the dismissal is with prejudice.

### 3. Estoppel Claim

Defendants move to dismiss Claim #4, Plaintiff's estoppel claim. Defendants assert that Plaintiff fails to allege facts supporting a required element—affirmative misconduct. (Dkt. No. 10 at 9–10.) To bring an estoppel claim against a governmental entity, Plaintiff must plead not only a detrimental reliance on false representations of material facts, but that the false representations were the result of "affirmative misconduct going beyond mere negligence." *Mukherjee v. I.N.S.*, 793 F.2d 1006, 1008 (9th Cir. 1986). Affirmative misconduct is generally defined to encompass a "deliberate lie" or a "pattern of false promises" but not "negligently providing misinformation." *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1184 (9th Cir. 2001).

Plaintiff argues that the following facts, taken from his complaint, support his allegations of negligent misconduct: INS's failure to have proper safeguards against Officer Schofield's fraud, INS's failure to timely notify Plaintiff of any problems with Plaintiff's application for adjustment of status following the discovery of Officer Schofield's fraud, and USCIS's issuance of a re-entry permit and renewal of Plaintiff's Green Card after discovering Officer Schofield's fraud.[1] (Dkt. No. 1 at 6–7.) Even construing Plaintiff's complaint in a light most favorable to

---

[1] Plaintiff also points to the allegation that CBP confiscated Plaintiff's Green Card without notice and a hearing. (Dkt. No. 11 at 11.) While this act may constitute affirmative

ORDER
C17-1704-JCC
PAGE - 7

Plaintiff, these are not deliberate lies or false promises, but acts of negligence. Accordingly, the Court GRANTS Defendants' motion to dismiss Claim #4, but does so without prejudice and with leave to amend, as amendment may cure this deficiency. *See Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment."). Plaintiff may file an amended complaint to cure the deficiency described above for Claim #4 within fourteen (14) days of this order.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 10) is GRANTED in part and DENIED in part. Claim #1 is dismissed with prejudice and Claim #4 is dismissed without prejudice with leave to amend within fourteen (14) days. Claims #2 and #3 survive, but only to the extent that Plaintiff seeks return of his Green Card and continued conferment of his LPR benefits until his removal proceeding is complete.

DATED this 3rd day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

misconduct, it is not relevant for purposes of Plaintiff's estoppel claim, as it is not a false representation of a material fact.