THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUIWU LAI,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.

CASE NO. C17-1704-JCC

ORDER

This matter comes before the Court on Defendants' unopposed motion for a protective order (Dkt. No. 17). Finding good cause, the Court GRANTS Defendants' motion and enters the following protective order:

**1. Scope.** The following terms, conditions, procedures, and restrictions govern the Certified Administrative Record ("CAR") produced by U.S. Customs and Border Protection, ("CBP") a sub-agency of the Department of Homeland Security ("DHS"), in this litigation.

**2. Designations.** Defendants must designate Protected Material by labeling it "PROTECTED MATERIAL" on a page-by-page or provision-by provision basis as necessary to specifically identify the material subject to the designation. The duty of Plaintiff and of all other persons bound by this Protective Order to maintain the confidentiality of Protected Material so designated shall commence when the Protected Material is received by Plaintiff.

**3. Protected Material.** Protected Material means CAR documents (or portions thereof), designated pursuant to Paragraph 2 above, revealing (a) information that would be

protected from disclosure under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, *et seq.*, under any of the exemptions found at 5 U.S.C. § 552(b).[1]

**4.** **Access to Protected Material.** Beyond authorized federal agency employees, including Defendants' counsel, only the following persons shall have access to Protected Material:

    a. This Court, this Court's official personnel, and any reviewing appellate court and its personnel;

    b. Plaintiff, Plaintiff's counsel, including any attorneys, paralegals, office clerks, secretaries, and other support staff to whom such disclosure Plaintiff's counsel deems reasonably necessary. The persons covered by this Section 4(b) shall use the Protected Material only for purposes of this litigation and/or related litigation;

    c. Legal and/or subject matter experts and consultants (and the experts' or consultants' staff whose duties and responsibilities require access to such Protected Material) engaged or consulted by Plaintiff's counsel to assist in this litigation and/or related litigation. These experts, consultants, and their associated staff shall use the Protected Material only for purposes of this litigation and/or related litigation and shall execute an acknowledgment prior to receiving any Protected Material; and

    d. the Court's reporters and interpreters.

**5.** **Use of Protected Material before a Court.** Nothing contained in this order shall be construed to limit use of Protected Material before this Court for the purposes of this litigation and/or related litigation.

---

[1] Legally privileged information on documents contained in the CAR will remain redacted in the CAR after the entry of this Protective Order and is therefore not part of the Administrative Record in this case.

**6. Challenge to Designations.** If Plaintiff's counsel seeks to challenge any Protected Material designation, redaction, or seeks to disclose Protected Material to persons not covered by Paragraph 4, the following procedure shall be used:

    a. Plaintiff's counsel shall give Defendants' counsel notice by email specifying the redaction or Protected Material for which such removal is sought and the reasons for the request. Defendants shall, within five (5) business days of such notice, either remove the designation or send an objection to Plaintiff's counsel by email.

    b. If the Parties cannot reach agreement concerning the designation, Plaintiff's counsel may file a motion with the Court seeking relief. The designated material shall continue to be redacted or treated as Protected Material until the issue is resolved by Order of this Court.

    c. Upon request by Plaintiff's counsel, Defendants shall specify the basis for the designation of "protected material" for any particular designation.

**7. Disclosure to Unauthorized Persons.** If Protected Material is disclosed by Plaintiff's counsel to any unauthorized person through inadvertence, mistake, or otherwise without authorization by the Defendants, Plaintiff's counsel shall: (a) use best efforts to retrieve the disclosed information and all copies thereof; (b) advise the recipient of the improperly disclosed information, in writing, of the terms of this Protective Order; (c) make reasonable efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order; and (d) take other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Protected Material.

**8. Inadvertent Disclosure of Protected Material.** The failure by Defendants to designate specific documents or materials as Protected Material shall not, by itself, be deemed a waiver in whole or in part of a claim of confidentiality as to such documents or materials. Upon Defendants' written notice to Plaintiff of such failure to designate, or of incorrect designation, Plaintiff shall cooperate to retrieve disseminated copies, and restore the confidentiality of the

inadvertently disclosed information beyond those persons authorized to review such information pursuant to paragraph 4, and shall thereafter take reasonable steps to ensure that the Protected Material is treated in accordance with the designation. No person or Party shall incur any liability under this Protective Order with respect to disclosure that occurred prior to the receipt of written notice of the mistaken designation.

**9.  Good Faith Designations.**  Plaintiff and Defendants represent that Defendants' designation of Protected Material, the parties' requests to permit further disclosure of Protected Material, and the responses thereto shall be made in good faith and not: (a) to impose burden or delay, or (b) for tactical or other advantage in litigation.

**10.  Survival and Final Disposition of Designated Material.**  Final termination of this litigation, including exhaustion of appellate remedies, shall not terminate the limitations imposed by this Protective Order.

**11.  Nothing in this Order compels the production of extra record material or disclosure of privileged material.**

DATED this 15th day of May 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE